**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0408-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SALIM ROLLINS,

    Defendant-Appellant.

_____

> Submitted January 19, 2021 – Decided December 6, 2021
>
> Before Judges Messano and Smith.
>
> On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 15-09-0741.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (John J. Bannan, Designated Counsel, on the brief).
>
> Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Mark Niedziela, Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

SMITH, J.A.D.

Defendant Salim Rollins appeals from the order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. He raises several issues, including that the PCR court erred by not finding defendant received ineffective assistance of counsel, by failing to find defendant's guilty plea was defective, and by denying an evidentiary hearing. We find defendant did not receive ineffective assistance of counsel and affirm for the reasons set forth below.

I.

On May 14, 2015, Detective Lazu of the Paterson Police Department was conducting surveillance during a narcotics investigation in the area of Franklin Street and Mercer Street in Paterson, New Jersey. The area is known to be a high crime and drug trafficking area, where Detective Lazu made several narcotics related arrests in the past. Detective Lazu observed an individual, Daquan Sadler, walk towards a vehicle and place a small square shaped package into the vehicle window. Detective Lazu observed the driver exit the vehicle and converse with Sadler. After a brief interval, the driver quickly re-entered the vehicle and sped away. Detective Lazu notified his back-up investigative team, who stopped the vehicle. Detective Sergeant

2

Esposito then approached the vehicle and observed what appeared to be a wrapped bundle of suspected heroin on the rear seat of the car. The driver, identified by police as Freddie Smith, was escorted out of the vehicle. Upon search of the rear seat, the police recovered several bricks of heroin. After seizing the heroin, the police returned to Franklin and Mercer Street and approached Daquan Sadler to question him. When the police asked him where he lived, he gave an address belonging to the defendant, even though he did not live there.

Detectives responded to the address to confirm Sadler's residence. As detectives responded, they heard loud noises which sounded like people arguing coming from the first-floor rear apartment. Detective Macolino walked to the rear yard of the property, and observed a black male, later identified as defendant, toss a black handgun from the rear yard of the property into a neighboring yard. Detective Macolino then immediately secured and handcuffed defendant. While securing defendant, Detective Macolino recovered two bags of marijuana from his pocket. Detective Sergeant Esposito and Detective Miyasato recovered the handgun from the adjacent yard.

On February 10, 2017, under indictment 15-09-0741, defendant pleaded guilty to first degree unlawful possession of a weapon. Defendant also pleaded

A-0408-19

guilty to third degree possession of a controlled dangerous substance in Accusation 16-12-001118A.

At the plea hearing, defendant testified that he resided at the address where he was arrested, and that he possessed the Smith and Wesson handgun recovered by police in the neighboring backyard. He also testified that at the time he possessed the gun, he had been convicted of an indictable offense fifteen years earlier. He further stated that he had an opportunity to consult with his trial counsel, and that he was satisfied with her services. During his plea allocution, the trial court ordered a recess to ensure defendant had ample opportunity to consult with trial counsel regarding the charges against him and his exposure as recommended in the plea deal. After the recess, he completed his factual basis and pleaded guilty to both charges. On June 2, 2017, the judge sentenced defendant on the violation of N.J.S.A. 2C:39-5(j) to a term of ten-years' incarceration, with a five-year period of parole ineligibility, and a lesser concurrent sentence on the CDS plea.

On direct appeal, we remanded for entry of a corrected judgment of conviction pursuant to a consent agreement on jail credits.[1] Defendant then

---

[1] State v. Rollins, No. A-005536-16 (App. Div. Dec. 1, 2014) (remanding matter to trial court to award defendant three additional days of jail credit that were erroneously omitted).

filed a petition for post-conviction relief supported by two certifications, the first on October 22, 2018, and an amended certification on April 27, 2019. In his petition, defendant argued trial counsel was ineffective for three reasons: (1) failing to "file any motions on [his] behalf despite [his] requests"; (2) failing to negotiate a second-degree weapons charge, instead pressuring him to plead guilty to the first-degree weapons charge; and (3) failing to argue applicable mitigating factors at sentencing. In his amended certification, defendant attested to the fact that, on the date of the incident which led to his arrest and conviction, he resided at the address given by Daquan Sadler.

The PCR court denied the petition without a hearing in a written opinion on July 5, 2019. The court made findings, concluding that trial counsel's failure to file pretrial motions on behalf of defendant did not represent deficient performance. The PCR judge focused particularly on defendant's argument that trial counsel should have filed a pre-trial motion to suppress the gun defendant tossed into a neighboring backyard. The PCR judge balanced the "the potential downside to the [defendant] if such motion were not successful" against the fact that the State dismissed multiple drug related charges stemming from the incident, and the court concluded trial counsel's failure to file was not ineffective assistance of counsel. Concerning

5

defendant's argument that he was pressured by his counsel to plead guilty to the first-degree weapons charge, the judge found that defendant engaged in a knowing, voluntary, and intelligent plea. He found the record showed defendant had sufficient time to consult with trial counsel to review the evidence and consider the State's offer in advance of the plea. The judge further found the record showed defendant was satisfied with trial counsel's services. After analyzing the record, the PCR judge concluded trial counsel's performance was not "deficient in any fashion."

On appeal, defendant challenges the PCR judge's denial of relief, arguing:

> POINT I
>
> BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR PCR.
>
> POINT II
>
> BECAUSE DEFENDANT DID NOT MAKE A KNOWING, INTELLIGENT, AND VOLUNTARY PLEA, THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR PCR.
>
> POINT III
>
> IN THE ALTERNATIVE, BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT IN

DISPUTE, THE PCR COURT ERRED IN DENYING
AN EVIDENTIARY HEARING.

II.

Where the PCR court does not conduct an evidentiary hearing, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (quoting State v Harris, 181 N.J. 391, 421 (2004)). When petitioning for PCR, a defendant must establish he is entitled to "PCR by a preponderance of the evidence." State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)).

We analyze ineffective assistance of counsel claims by using the two-prong test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). See Preciose, 129 N.J. at 463; see also State v. Fritz, 105 N.J. 42, 58 (1987). The first prong of the Strickland test requires a defendant to establish counsel's performance was deficient. Preciose, 129 N.J. at 463. "The second, and far more difficult, prong is whether there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 463-64 (quoting Strickland, 466 U.S. at 694).

There exists a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at 689. Further, because prejudice is not presumed, defendant must demonstrate how specific errors by counsel undermined the reliability of the proceeding. State v. Drisco, 355 N.J. Super 283, 289-90 (App. Div. 2002) (citing United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)).

We turn to the controlling statutes in this matter. N.J.S.A. 2C:39-5(b) reads as follows:

> b. Handguns. (1) Any person who knowingly has in his possession any handgun, including any antique handgun, without first having obtained a permit to carry the same as provided in N.J.S.2C:58-4, is guilty of a crime of the second degree. (2) If the handgun is in the nature of an air gun, spring gun or pistol or other weapon of a similar nature in which the propelling force is a spring, elastic band, carbon dioxide, compressed or other gas or vapor, air or compressed air, or is ignited by compressed air, and ejecting a bullet or missile smaller than three-eighths of an inch in diameter, with sufficient force to injure a person it is a crime of the third degree.

N.J.S.A. 2C:39-5(j) reads as follows: "A violation of subsection a., b., c. or f. of this section by a person who has a prior conviction of any of the crimes enumerated in [N.J.S.A. 2C:43-7.2(d)] is a first-degree crime."

A-0408-19

For the trial court to accept defendant's plea to N.J.S.A. 2C:39-5(j), the factual basis given at the plea allocution had to first satisfy the following elements under subsection (b):

> 1. [That the weapon defendant tossed into the neighboring yard] was a handgun;
>
> 2. That the defendant knowingly possessed the handgun; and
>
> 3. That the defendant did not have a permit to possess such a weapon.
>
> [Model Jury Charges (Criminal), "Unlawful Possession of a Handgun (N.J.S.A. 2C:39-5b)" (rev. Feb. 26, 2001).[2]]

To complete a plea under subsection (j), the next step required a factual showing that defendant was "a person who ha[d] a prior conviction of any of the crimes enumerated in [N.J.S.A. 2C:43-7.2]." N.J.S.A. 2C:39-5(j). See also Model Jury Charges (Criminal), "Unlawful Possession of a Handgun Prior NERA Conviction (First Degree) (N.J.S.A. 2C:39-5(j))" (approved June 11, 2018) (itemizing elements needed for a conviction under N.J.S.A. 2C:39-5(j)).

---

[2] This was the model criminal jury charge at the time of defendant's plea. The model charge was revised in 2018 but the elements of the crime were not substantively changed. See Model Jury Charges (Criminal), "Unlawful Possession of a Handgun (Second Degree) N.J.S.A. 2C:39-5(b)" (rev. June 11, 2018).

III.

Defendant argues that his trial counsel should have moved to suppress the seizure of the gun - and that such an omission was ineffective assistance of counsel under Strickland. We disagree. Defendant has failed to show "that his Fourth Amendment claim is meritorious." State v. O'Neal, 190 N.J. 601, 618-19 (2007). It is undisputed that Detective Macolino directly observed defendant toss the handgun from his backyard into his neighbor's backyard. This act by the defendant represents a combination of probable cause and exigency sufficient to serve as an exception to the exclusionary rule. See State v. Johnson, 193 N.J. 528, 553 (2007).[3] On this record, we concur with the trial court that a motion to suppress would not have been successful. Defendant did

---

[3] At the PCR hearing, defendant argued that Detective Macolino's presence in the backyard was an unconstitutional search and trespass. Based on the police report and testimony from the PCR hearing, it appears Detective Macolino was walking down a narrow alleyway between 67 and 69 Mercer Street towards the rear of the property after hearing loud noises in the first-floor apartment. Even if the detective was on private or semi-private property at the time of this observation, his action of walking down the alleyway would not trigger constitutional scrutiny. Law enforcement may approach the front or back door of private property to conduct an investigation without offending the Fourth Amendment. See State v. Domicz, 188 N.J. 285, 302-03 (2006) (finding no unconstitutional intrusion onto defendant's property where detective and another officer passed through a gate into the backyard and approached the back door).

not make a prima facie showing that counsel provided ineffective assistance by failing to file the suppression motion.

While not raised on appeal, we note there is a residence based statutory exemption to N.J.S.A. 2C:39-5 crimes. N.J.S.A. 2C:39-6(e) reads in pertinent part:

> [n]othing in subsections b., c., and d. of N.J.S.2C:39-5 shall be construed to prevent a person keeping or carrying about the person's place of business, residence, premises or other land owned or possessed by the person, any firearm, or from carrying the same, in the manner specified in subsection g. of this section, from any place of purchase to the person's residence or place of business, between the person's dwelling and place of business, between one place of business or residence and another when moving, or between the person's dwelling or place of business and place where the firearms are repaired, for the purpose of repair. For the purposes of this section, a place of business shall be deemed to be a fixed location.

Subsection (e) exempts persons from being charged with unlawful possession of a handgun in their residence, or while properly transporting their handgun between their residence and certain designated locations. The record shows that defendant was in his residence when the police knocked on his door, however, he left his residence and physically threw the handgun onto another property. We discern no basis to conclude that defendant was

11

apprehended in his residence in possession of the handgun, and we find that this defense, had it been raised, would have ultimately failed. Cf. State v. Montalvo, 229 N.J. 300 (2017).

Defendant next argues his plea was not knowing, voluntary, and intelligent. We find no merit in defendant's claim. The record reveals the trial court's painstaking effort to ensure that defendant understood the charges against him and his exposure if he elected to plead guilty. The trial court took a recess to ensure that defendant had time to further consult with trial counsel. After being provided an opportunity to reflect on whether he wished to withdraw his guilty plea and proceed to trial, defendant testified to a detailed factual which satisfied all of the elements required for conviction under N.J.S.A. 2C:39-5(j). Defendant's trial counsel stated on the record that she had conferred with her client, and defendant's decision to plead guilty was not a "rush[ed] decision." Defendant clearly understood the penal consequences of his plea, State v. Buford, 163 N.J.16, 21-22 (2000). Defendant has failed to make a prima facie case for ineffective assistance of counsel under this theory.

Finally, defendant argues that the trial court should have conducted an evidentiary hearing. Where defendant has not been able to show a prima facie case of ineffective assistance of counsel, a PCR court need not conduct an

12

evidentiary hearing.  Preciose, 129 N.J. at 462.  Any other arguments made by defendant not addressed here lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0408-19